1

Marc Van Der Hout (California Bar # 80778)
Beth Feinberg (California Bar # 240857)

2

Van Der Hout, Brigagliano & Nightingale. LLP
180 Sutter Street, Fifth Floor

3

San Francisco, California 94104
Telephone: (415) 981-3000

4

Facsimile: (415) 981-3003
Email: ndca@vblaw.com

5

6

Attorneys for Petitioner
Djafar SHAMS

7

8

UNITED STATES DISTRICT COURT FOR THE

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

Djafar SHAMS

Petitioner,

13

v.

14

15

Michael CHERTOFF, in his Official Capacity,
Secretary, Department of Homeland Security; Alberto
GONZALES, in his Official Capacity, Attorney
General, Department of Justice; Nancy ALCANTAR,
in her Official Capacity, Field Office Director, San
Francisco, California, U.S. Bureau of Immigration and
Customs Enforcement; and David SEPULVEDA, in his
Official Capacity, Facility Commander, Santa Clara
County Jail

16

17

18

19

20

Respondents.

21

22

23

24

25

26

27

28

Case No. _____

**AUTHENTICATING
DECLARATION OF MARC VAN
DER HOUT IN SUPPORT OF
PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT
TO 22 U.S.C. § 2241**

*IMMIGRATION CASE*

DHS No. A 078-670-244

I, Marc Van Der Hout, hereby do declare the following:

1.    I am a partner at the law firm of Van Der Hout, Brigagliano and Nightingale, LLP, 180 Sutter Street, Fifth Floor, San Francisco, CA 94104. Van Der Hout, Brigagliano & Nightingale, LLP represents Petitioner Djafar Shams ("Petitioner") in his immigration matters. I make this declaration in support of Petitioner's Petition for Writ of Habeas Corpus Pursuant to 22 U.S.C. § 2241.

2.    Petitioner submitted an affirmative application for asylum and withholding of removal on December 30, 2000, based on past persecution and his well-founded fear of future persecution if forced to return to Iran . A copy of the asylum and withholding of removal application is attached as Exhibit A.

3.    Removal proceedings were commenced against Petitioner on January 30, 2001 with the service of a Notice to Appear, charging him as removable for remaining in the United States for a time period longer than permitted, pursuant to 8 U.S.C. § 1227(a)(1)(B). A copy of the Notice to Appear is attached as Exhibit B.

4.    On June 19, 2002, Petitioner's applications for asylum, withholding of removal, and relief under CAT were denied by the Immigration Judge. A copy of the Order of the Immigration Judge is attached as Exhibit C.

5.    On June 16, 2003, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the Immigration Judge's decision, at which point Petitioner's removal order became final. A copy of the BIA's decision is attached as Exhibit D.

6.    Defendant Alcantar issued a surrender letter to Petitioner on December 2, 2003, ordering that he report for removal on January 14, 2004. A copy of the surrender letter is attached as Exhibit E.

7.    On January 10, 2004, Petitioner applied for a stay of removal due to two operations he had recently undergone to correct a heart condition, and filed a supporting

declaration on January 21, 2004. Petitioner's stay request was approved by Defendant Alcantar

on February 2, 2004. A copy of Petitioner's stay request with Defendant Alcantar's response is

attached as Exhibit F.

8.      On June 15, 2004, Petitioner applied for a second stay request because he had

mailed his expired passport to the Islamic Republic of Iran ("Iranian Interest Section")in

Washington, D.C. for renewal, but had not yet received his new passport. A copy of Petitioner's

second stay request with Defendant's Alcantar's response is attached as Exh. G.

9.      On December 15, 2004, Petitioner Alcantar issued an Order of Supervision to

Petitioner. A copy of that Order of Supervision is attached as Exh. H.

10.     On July 18, 2005, Petitioner's mother, Azizeh Rahaei, who is a naturalized United

States citizen, filed an Immigrant Petition for Relative (Form I-130), which is still pending with

the United States Citizenship and Immigration Service ("USCIS"). A copy of the I-130 receipt

notice and Case Status Search printout from the USCIS website (dated May 3, 2007) is attached

as Exh. I.

11.     On September 23, 2006, Petitioner married his long-time girlfriend, Homa Soroor,

who is a naturalized United States citizen. On October 22, 2006, Ms. Soroor filed an Immigrant

Petitioner for Relative (Form I-130) on Petitioner's behalf, and Petitioner filed an Application to

Register Permanent Residence or Adjust Status (Form I-485), both of which are still pending with

USCIS. A copy of the I-130 and I-485 receipt notices and Case Status Search printouts from the

USCIS website (dated May 3, 2007) are attached as Exh. J.

12.     On October 25, 2006, Petitioner filed an Application for Stay of Removal (based

on his marriage and his wife's pending I-130 visa petition and his pending I-485 application),

which was denied on October 31, 2006. A copy of Petitioner's application is attached at Exh. K.

13.     Despite having fully complied with his Order of Supervision. Petitioner was taken into immigration custody on October 27, 2006. On October 31, 2006. Respondent Alcantar issued a Notice of Revocation of Release, stating that Petitioner had been taken into custody because he had not yet obtained a valid passport. A copy of the detention order and Notice of Revocation of Release are attached as Exh. L.

14.     On January 9, 2007, Petitioner filed a Request for Release from Custody with Respondent Alcantar. along with supporting declarations. A copy of the request and declarations are attached as Exh. M.

15.     On January 31, 2007. the Iranian Interest Section sent a letter to the Office of Detention and Removal Operation of the Department of Homeland Security. stating that it is unable to issue an Iranian travel document to Petitioner until he submits an original Iranian birth certificate. A copy of that letter is attached as Exh. N.

16.     On February 2, 2007. ICE issued a Decision to Continue Detention to Petitioner. Also, in early February. 2007. Petitioner was sent an undated Instruction Sheet to Detainee Regarding Requirement to Assist in Removal . A copy of the Decision to Continue Detention and Instruction Sheet are attached as Exh. O.

17.     On February 2, 2007. Petitioner submitted a Renewed Request for Release from Custody to Respondent Alcantar. documenting the physical and emotional distress that Petitioner's ongoing detention is causing his United States citizen wife. sister and elderly mother. A copy of the renewed request is attached as Exh. P.

18.     On February 9, 2007. Petitioner submitted another Renewed Request for Release from Custody. along with supporting declarations. A copy of that Renewed Request and declarations is attached as Exh. Q.

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 8th day
2    of May, 2007 in San Francisco, California.

3

4    Marc Van Der Hout
     Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Start Here - Please Type or Print. USE BLACK INK. SEE THE SEPARATE INSTRUCTION PAMPHLET FOR INFORMATION ABOUT ELIGIBILITY AND HOW TO COMPLETE AND FILE THIS APPLICATION.   NRCIA 12-96

**PART A.  INFORMATION ABOUT YOU.**

| | |
|---|---|
| 1. Alien Registration Number(s), if any (A#'s)  NONE | 2. Social Security Number  NONE |
| 3. Complete Last Name  SHAMS | 4. First Name  Djafar | 5. Middle Name  -- |

6. What Other Names Have You Used? (Include maiden name and aliases.)
NONE

7. Residence in the U.S.
C/O
Telephone Number ( )

Street Number and Name
1331 Wolfe Road
Apt. No. #11

| City  Sunnyvale, | State  CA | ZIP Code  94087 |
|---|---|---|

8. Mailing Address in the U.S. if Other than Above
C/O
Telephone Number

Street Number and Name
Apt. No.

| City | State | ZIP Code |
|---|---|---|

| 9. Sex  ☒ Male  ☐ Female | 10. Marital Status:  ☐ Single  ☒ Married  ☐ Divorced  ☐ Widowed |
|---|---|

| 11. Date of Birth (Mo/Day/Yr)  IRANIAN  9-5-47 | 12. City and Country of Birth  Shiraz, Iran |
|---|---|

| 13. Present Nationality (Citizenship)  IRANIAN | 14. Nationality at Birth  IRANIAN |
|---|---|

| 15. Race, Ethnic or Tribal Group  WHITE | 16. Religion  CHRISTIAN |
|---|---|

17. Check each box that applies.

☐ I am not now in removal, deportation or exclusion proceedings.
☐ I am now in removal, deportation or exclusion proceedings.
☐ I was previously in removal, deportation or exclusion proceedings.
☒ I have never been in removal, deportation or exclusion proceedings.

18. Complete 18a through 18g.

a. When did you last leave your country? (Mo/Day/Yr)  4-00

b. When did you last enter the U.S.? (Mo/Day/Yr)  4-26-00

c. Where did you last enter the U.S.?  San Francisco, CA

d. What was your status when you last entered the U.S.? (What type of visa did you have, if any?)  B-2

e. What is your I-94 Number?  Unknown

f. What is the expiration date of your authorized stay, if any?  Renewal In Process

g. Have you previously entered the U.S.?  ☒ No  ☐ Yes. If YES, list place, date, and your status for each entry. (Attach additional sheets as needed.)

| Date _____ | Place _____ | Status _____ |
|---|---|---|
| Date _____ | Place _____ | Status _____ |
| Date _____ | Place _____ | Status _____ |

**FOR INS USE ONLY**

Returned

Resubmitted

Reloc Sent

Reloc Rec'd

DEC 04 '00  7:00 AM  1 7 2 8

Action:
Interview Date:  1/10/01

Asylum:
☐ Granted
☐ Denied
☒ Referred
☐ Recommended Approval Date _____

Date A.O. final decision or referral issued  1/12/01

Total number of persons granted asylum  0

**For EOIR Use Only**

**To Be Completed by Attorney or Representative, if any**

☒ Check if G-28/EOIR-28 is attached showing you represent the applicant.

INS VOLAG or PIN #

ATTY State License #  154599

Form I-589 (Rev.

OMB No. 1115-008

## Information About You - Continued.

**19. What is your native language?**
FARSI

**20. Are you fluent in English?**
☐ Yes    ☒ No

**21. What other languages do you speak fluently?**
NONE

**22. Have you ever applied to the United States Government or to any other Government(s) for refugee status, asylum, withholding of deportation. or withholding of removal?**

☒ No.

☐ I was included in a pending application of my parent(s). However, I am now 21 years old or married so I am filing my own application.

☐ I was included in my spouse's application, but now I wish to file my own application.

☐ Yes. (In what country and what was the decision? Also specify the date of the decision.) Country _____ Date _____ Decision _____

**23. What country issued your last passport or travel document?**
Iran

**24. Passport #** Unknown
Travel Document #

**25. Expiration Date**
unknown

**26. Prior address in last country of residence or country in which you fear persecution.** (List Address, City/Town, Province, State, Department, and Country)
Tehran, Niavaran #36, Abdul Azim Ghorbat, Mojdeh   Str.

**27. Provide the following information about your education, beginning with the most recent.**

| Name of School | Type of School | Location | From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|
| | | | | Attended |
| Firooz Bahrami | High School | Tehran, Iran | 9/1967 | 6/1971 |
| Kharazmi | High School | Tehran, Iran | 9/1965 | 6/1967 |
| Khanehpour | High School | Tehran, Iran | 9/1962 | 6/1965 |
| Asreno | Elementary | Tehran, Iran | 9/1956 | 6/1962 |

**28. Provide the following information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ your present address first.** (Use additional sheets of paper if necessary.)

| Number and Street | City | Province or State | Country | From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|---|---|
| | | | | | Dates |
| 1331 Wolfe Rd. #11 | Sunnyvale | California | USA | July '00 | Present |
| 120 Torrey Pines Terr. | Santa Cruz | California | USA | Apr. '00 | July '00 |
| Niavaran #36, Abdul Azim Ghorbat | Tehran | Tehran | Iran | Apr. '98 | Apr. '00 |
| Zafaranieh Asef #14 | Tehran | Tehran | Iran | Apr. '08 | Apr. '98 |

**29. Provide the following information about your employment during the last five years. List your present employment first.** (Use additional sheets of paper if necessary.)

| Name and Address of Employer | | From (Mo/Yr) | To (Mo/Yr) |
|---|---|---|---|
| | | | Dates |
| Molavi Corp.   Tehran, Iran | Inventory Supervisor | 1990 | 1998 |
| Shamalman Corp.   Tehran, Iran | Assistant Manager | 1989 | 1990 |
| Hadish Corp.    Tehran, Iran | Inventory Supervisor | 1975 | 1979 |
| Iran-Gas    Tehran, Iran | Distribution Supervisor | 1970 | 1975 |

**30. Provide the following information about your parents.**

| Name | Country and City of Birth | Location |
|---|---|---|
| Azizeh Rahaei, Mother | Booshehr, Iran | USA |
| Hossein Shams, Father | Shiraz, Iran | Deceased |

OMB No. 1115-0086

## PART B. INFORMATION ABOUT YOUR SPOUSE AND CHILDREN.

Your Spouse.    ☐ I am not married. *(Skip to Part B, Your Children.)*

| | |
|---|---|
| 1. Alien Registration Number (A #)  NONE | 2. Passport/ID Card, etc.#  NONE |

| 3. Complete Last Name  Zojaji | 4. First Name  Floria | 5. Middle Name | 6. Date of Birth *(Mo/Day/Yr)*  9/9/61 |
|---|---|---|---|

| 7. Date of Marriage *(Mo/Day/Yr)*  9/26/76 | 8. Place of Marriage  Tehran, Iran | 9. City and Country of Birth  Tehran, Iran |
|---|---|---|

| 10. Nationality *(Citizenship)*  Iranian | 11. Race, Ethnic or Tribal Group  White | 12. Sex  ☐ Male ☒ Female |
|---|---|---|

| 13. Is this person in the U.S.?   ☐ Yes. *(Complete blocks 13 to 24.)*   ☒ No. *(Specify Location)* | 14. Social Security # |
|---|---|

| 15. Place of Last Entry in the U.S.? | 16. Date of Last Entry in the U.S.? *(Mo/Day/Yr)* | 17. I-94 # | 18. Status when Last Admitted *(Visa type, if any)* |
|---|---|---|---|

| 19. Expiration of Status *(Mo/Day/Yr)* | 20. Is your spouse in removal, deportation or exclusion proceedings?  ☐ Yes ☐ No | 21. If previously in the U.S., Date of Previous Arrival *(Mo/Day/Yr)* |
|---|---|---|

| 22. Place of Previous Arrival | 23. Status at Time of Previous Arrival |
|---|---|

24. If in the U.S., is this person to be included in this application?  *(Check the appropriate box.)*

☐ Yes. *(Attach one (1) photograph of your spouse in the upper right hand corner of Page 3 on the extra copy of the application submitted for this person.)*
☒ No, because my spouse is/has:
   ☐ Filing separately.
   ☐ Separate application pending.
   ☒ Other reasons. Not here.

### All of Your Children, Regardless of Age or Marital Status.

*(Use Supplement A Form or attach additional pages and documentation if you have more than two (2) children.)*

| 1. Alien Registration Number (A #)  NONE | 2. Passport/ID Card, etc.#  NONE |
|---|---|

| 3. Complete Last Name  SHAMS | 4. First Name  Delaram | 5. Middle Name  --- | 6. Date of Birth *(Mo/Day/Yr)*  6/26/79 |
|---|---|---|---|

| 7. City and Country of Birth  Tehran, Iran | 8. Nationality *(Citizenship)*  Iranian | 9. Race, Ethnic or Tribal Group  White | 10. Sex  ☐ Male ☒ Female |
|---|---|---|---|

| 11. Is this child in the U.S.?   ☐ Yes. *(Complete blocks 12 to 22.)*   ☒ No. *(Specify Location)* | 12. Social Security # |
|---|---|

| 13. Place of Last Entry in the U.S.? | 14. Date of Last Entry in the U.S.? *(Mo/Day/Yr)* | 15. I-94 # | 16. Status when Last Admitted *(Visa type, if any)* |
|---|---|---|---|

| 17. Expiration of Status *(Mo/Day/Yr)* | 18. Is this child in removal, deportation or exclusion proceedings?  ☐ Yes ☐ No | 19. If previously in the U.S., Date of Previous Arrival *(Mo/Day/Yr)* |
|---|---|---|

| 20. Place of Previous Arrival | 21. Status at Time of Previous Arrival |
|---|---|

22. If in the U.S., is this person to be included in this application?  *(Check the appropriate box.)*

☐ Yes. *(Attach one (1) photograph of your child in the upper right hand corner of Page 3 on the extra copy of the application submitted for this person.)*
☒ No, because child is/has:
   ☐ Filing separately.
   ☐ Separate application pending.
   ☐ Over 21 years of age.
   ☐ Married.
   ☒ Other reasons. Not here.

OMB No. 1115-0086

**Information About Your Spouse and Children - Continued** *(Use Supplement A Form or attach additional sheets of paper for list additional children.)*

**All of Your Children, Regardless of Age or Marital Status.**

| 1. Alien Registration Number (A#): NONE | | 2. Passport/ID Card, etc. # NONE | |
|---|---|---|---|
| 3. Complete Last Name SHAMS | 4. First Name GHazaleh | 5. Middle Name -- | 6. Date of Birth *(Mo/Day/Yr)* 3/21/85 |
| 7. City and Country of Birth Tehran, Iran | 8. Nationality *(Citizenship)* Iranian | 9. Race, Ethnic or Tribal Group White | 10. Sex ☐ Male ☒ Female |
| 11. Is this person in the U.S.? ☐ Yes. *(Complete blocks 11 to 22.)* ☒ No. *(Specify Location)* | | | 12. Social Security # |
| 13. Place of Last Entry in the U.S.? | 14. Date of Last Entry in the U.S.? *(Mo/Day/Yr)* | 15. I-94 # | 16. Status when Last Admitted *(Visa type, if any)* |
| 17. Expiration of Status *(Mo/Day/Yr)* | 18. Is this child in removal, deportation or exclusion proceedings? ☐ Yes ☐ No | | 19. If previously in the U.S., Date of Previous Arrival *(Mo/Day/Yr)* |
| 20. Place of Previous Arrival | | | 21. Status at Time of Previous Arrival |

22. If in the U.S., is this person to be included in this application? *(Check the appropriate box.)*

    ☐ Yes. *(Attach one (1) photograph of your child in the upper right hand corner of Page 3 on the extra copy of the application submitted for this person.)*
    ☒ No, because child is/has:
        ☐ Filing separately.
        ☐ Separate application pending.
        ☐ Over 21 years of age.
        ☐ Married.
        ☒ Other reasons. Not here.

---

**PART C. INFORMATION ABOUT YOUR CLAIM TO ASYLUM.**
*(Use Supplement B Form or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.)*

1. Why are you seeking asylum? Explain in detail what the basis is for your claim. *(Attach additional sheets of paper as needed.)*

       Please see my declaration attached.

OMB No. 1115-0086

**Information About Your Claim to Asylum - Continued.**

2.  Have you or any member of your family ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☐ No.  ☒ Yes.  If yes, provide a detailed explanation of your or your relatives' involvement with each group and include the name of each organization or group; the dates of membership or affiliation; the purpose of the organization; your duties or your relatives' duties or responsibilities in the group or organization; and whether you or your relatives are still active in the group(s).  *(Attach additional sheets of paper as needed.)*

          **Please see my declaration attached.**

3.  Have you or any member of your family ever been mistreated or threatened by the authorities of your home country or any other country or by a group or groups that are controlled by the government, or that the government of the country is unable or unwilling to control?

☐ No.  ☒ Yes.  If YES, was it because of any of the following reasons?  *(Check each of the following boxes that apply.)*

☐ Race   ☐ Religion   ☐ Nationality   ☐ Membership in a particular social group   ☒ Political Opinion

On a separate sheet of paper, specify for each instance, what occurred and the circumstances; the relationship to you of the person involved; the date; the exact location; who it was who took such action against you or your family member(s); his/her position in the government or group; the reason why the incident occurred.  Attach documents referring to these incidents, if they are available.  *(Attach additional sheets of paper as needed.)*

          **Please see my declaration attached.**

4.  Have you or any member of your family ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in your country or any other country, including the United States?

☐ No.  ☒ Yes.  If YES, for each instance, specify what occurred and the circumstances; dates; location; the duration of the detention or imprisonment; the reason(s) for the detention or conviction; the treatment received during the detention or imprisonment; any formal charges that were lodged against you or your relatives; the reason for release; treatment after release.  Attach documents referring to these incidents if they are available.  *(Attach additional sheets of paper as needed.)*

          **Please see my declaration attached.**

OMB No. ...3-0086

Information About Your Claim to Asylum - Continued.

5.  Do you fear being subjected to torture (severe physical or mental pain or suffering, including rape or other sexual abuse) in your home country or any other country if you return?

    ☐ No.  ☒ Yes.  If YES, explain why.  *(Attach additional sheets of paper as needed.)*

          Please see my declaration attached.

6.  What do you think would happen to you if you returned to the country from which you claim you would be subjected to persecution? Explain in detail and provide information or documentation to support your statement, if available.  *(Attach additional sheets of paper as needed.)*

          Please see my declaration attached.

7.  Describe in detail your trip to the United States from your home country. After leaving the country from which you are claiming asylum, did you or your spouse or child(ren), who are now in the United States, travel through or reside in any other country before entering the United States?

    ☐ No.  ☒ Yes.  If YES, for each person, identify each country and indicate the length of stay; the person's status while there; the reasons for leaving; whether the person is entitled to return for residence purposes; and if the person applied for refugee status or for asylum while there; or why he or she did not do so.  *(Attach additional sheet of paper as needed.)*

          Please see my declaration attached.

OMB No. 1115-0086

## PART D.  ADDITIONAL INFORMATION ABOUT YOUR APPLICATION FOR ASYLUM.

*(Use Supplement B Form or attach additional sheets of paper as needed to complete your responses to the questions contained in Part D.)*

1.  Do you, your spouse, or your child(ren) now hold, or have you ever held, permanent residence, other permanent status, or citizenship, in any country other than the one from which you are now claiming asylum?

    ☒ No.   ☐ Yes.  If YES, explain. *(Attach additional sheets of paper as needed).*


2.  Have you, your spouse, your child(ren), your parents ever filed for, been processed for, or been granted or denied refugee status or asylum by the United States Government?

    ☒ No.   ☐ Yes.  If YES, explain the decision and what happened to any status you received as a result of that decision.  If you have been denied asylum by an Immigration Judge or the Board of Immigration Appeals, please describe any change in country conditions or your own circumstances since the date of the denial that may affect your eligibility for asylum.  *(Attach additional sheets of paper as needed.)*


3.  Have you, your spouse, your child(ren), or your parents ever filed for, been processed for, or been granted or denied refugee status or asylum by any other country?

    ☒ No.   ☐ Yes.  If YES, explain the decision and what happened to any status you received as a result of that decision.  *(Attach additional sheets of paper as needed.)*


4.  Have you, your spouse, or child(ren) ever caused harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion, or ever ordered, assisted, or otherwise participated in such acts?

    ☒ No.   ☐ Yes.  If YES, describe, in detail, each such incident and your own or your spouse's or child(ren)'s involvement.  *(Attach additional sheets of paper as needed.)*


5.  After you left your country of claimed persecution for the reasons you have described, did you return to that country?

    ☒ No.   ☐ Yes.  If YES, describe, in detail, the circumstances of your visit, for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).  *(Attach additional sheets of paper as needed.)*


6.  Are you filing the application more than one year after your last arrival in the United States?

    ☒ No.   ☐ Yes.  If YES, explain why you did not file within the first year after you arrived.  You should be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived.  For guidance in answering this question see Part I: Filing Instructions, Section V. "Completing the Form," Part D. *(Attach additional sheets of paper as needed.)*

OMB No. 15-0086 [1]

## PART E.  SIGNATURE.

*After reading the information on penalties in the instructions, complete and sign below.  If someone helped you prepare this application, he or she must complete Part F.*

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct.  Title 18, United States Code, Section 1546, provides in part:  "Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact -- shall be fined in accordance with this title or imprisoned not more than five years, or both".  I authorize the release of any information from my record which the Immigration and Naturalization Service needs to determine eligibility for the benefit I am seeking.

Staple your
photograph
here.

*WARNING:*  Applicants who are in the United States illegally are subject to removal if their asylum or withholding claims are not granted by an asylum officer or an Immigration Judge.  Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn.  Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act.  See INA 208(d)(6) and 8 CFR 208.18.

Signature of Applicant   *(The person named in Part E.)*

[                                                              ]

Sign your name so it all appears within the brackets.

Date *(Mo/Day/Yr)*  11-7-00

| Print Name  Djafar Shams | Write your name in your native alphabet |

Did your spouse, parent or child(ren) assist you in completing this application?  ☒ No   ☐ Yes  *(If YES, list their name(s) and relationship.)*

*(Name)* _____ *(Relationship)* _____   *(Name)* _____  *(Relationship)* _____

Did someone other than you or your spouse, parent or child(ren) prepare this application?   ☐ No   ☒ Yes  *(Complete Part F)*

Asylum applicants may be represented by counsel.  Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim?  ☒ No   ☐ Yes

## PART F.  SIGNATURE OF PERSON PREPARING FORM IF OTHER THAN ABOVE.  *Sign below.*

I declare that I have prepared this application at the request of the person named in Part E, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant and that the completed application was read to the applicant in his or her native language for verification before he or she signed the application in my presence.  I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. Section 1324(c).

| Signature of Preparer | Print Name  NADIA FARAH | Date *(Mo/Day/Yr)* 11/7/00 |
| Daytime Telephone Number  ( 510 )  494-8156 | Address of Preparer: Street Number and Name  38350 Fremont Blvd. | |
| Apt. No.  201 | City  Fremont | State  CA | ZIP Code  94536 |

## PART G.  TO BE COMPLETED AT INTERVIEW.

You will be asked to complete this Part when you appear before an asylum officer of the Immigration and Naturalization Service (INS), or an Immigration Judge of the Executive Office for Immigration Review (EOIR) for examination.

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are
☐ all true or ☐ not all true to the best of my knowledge and that corrections numbered ___/___ to ___3___ were made by me or at my request.

X Di-Aus

Signature of Applicant

X

Write your Name in your Native Alphabet

Signed and sworn to before me by the above-name applicant on.

1-10-01

Date *(Mo/Day/Yr)*

Signature of Asylum Officer or Immigration Judge

Best "Reproducible" Copy Available



OMB No. 1115-0086
SUPPLEMENT A FORM I-589

| A # *(If available)*  NONE | Date  11/7/00 |
|---|---|
| Applicant's Name  Djafar Shams | Applicant's Signature |

## ALL OF YOUR CHILDREN, REGARDLESS OF AGE OR MARITAL STATUS.

*(Attach additional pages and documentation if you have more than two (2) children.)*

| 1. Alien Registration Number (A#):  None | | 2. Passport/ID Card, etc.#  None | |
|---|---|---|---|
| 3. Complete Last Name  SHAMS | 4. First Name  Gholaleh | 5. Middle Name  --- | 6. Date of Birth *(Mo/Day/Yr)*  4/26/81 |
| 7. City and Country of Birth  Tehran, Iran | 8. Nationality *(Citizenship)*  Iranian | 9. Race, Ethnic or Tribal Group  White | 10. Sex  ☐ Male  ☒ Female |
| 11. Is this child in the U.S.?  ☐ Yes. *(Complete blocks 12 to 22.)*  ☒ No. *(Specify Location)* | | | 12. Social Security # |
| 13. Place of Last Entry in the U.S.? | 14. Date of Last Entry in the U.S.? *(Mo/Day/Yr)* | 15. I-94 # | 16. Status when Last Admitted *(Visa type, if any)* |
| 17. Expiration of Status *(Mo/Day/Yr)* | 18. Is this child in removal, deportation or exclusion proceedings? ☐ Yes ☐ No | | 19. If previously in the U.S., Date of Previous Arrival *(Mo/Day/Yr)* |
| 20. Place of Previous Arrival | | 21. Status at Time of Previous Arrival | |

22. If in the U.S., is this person to be included in this application?  *(Check the appropriate box.)*

☐ Yes.  *(Attach one (1) photograph of your child in the upper right hand corner of Page 3 on the extra copy of the application submitted for this person.)*
☒ No, because child is/has:
    ☐ Filing separately.
    ☐ Separate application pending.
    ☐ Over 21 years of age.
    ☐ Married.
    ☒ Other reasons.  Not here.

| 1. Alien Registration Number (A#): | | 2. Passport/ID Card, etc.# | |
|---|---|---|---|
| 3. Complete Last Name | 4. First Name | 5. Middle Name | 6. Date of Birth *(Mo/Day/Yr)* |
| 7. City and Country of Birth | 8. Nationality *(Citizenship)* | 9. Race, Ethnic or Tribal Group | 10. Sex  ☐ Male ☐ Female |
| 11. Is this child in the U.S.?  ☐ Yes. *(Complete blocks 12 to 22.)*  ☐ No. *(Specify Location)* | | | 12. Social Security # |
| 13. Place of Last Entry in the U.S.? | 14. Date of Last Entry in the U.S.? *(Mo/Day/Yr)* | 15. I-94 # | 16. Status when Last Admitted *(Visa type, if any)* |
| 17. Expiration of Status *(Mo/Day/Yr)* | 18. Is this child in removal, deportation or exclusion proceedings? ☐ Yes ☐ No | | 19. If previously in the U.S., Date of Previous Arrival *(Mo/Day/Yr)* |
| 20. Place of Previous Arrival | | 21. Status at Time of Previous Arrival | |

22. If in the U.S., is this person to be included in this application?  *(Check the appropriate box.)*

☐ Yes.  *(Attach one (1) photograph of your child in the upper right hand corner of Page 3 on the extra copy of the application submitted for this person.)*
☐ No, because child is/has:
    ☐ Filing separately.
    ☐ Separate application pending.
    ☐ Over 21 years of age.
    ☐ Married.
    ☐ Other reasons.

ADDITIONAL INFORMATION ABOUT YOUR CLAIM TO ASYLUM.

| A # (If available)    NONE | Date    11/7/00 |
|---|---|
| Applicant's Name    Djafar Shams | Applicant's Signature  DJ-? |

Use attached blank response sheet to supplement any information requested.  Please copy and complete as needed.

PART ____

QUESTION ____

I, DJAFAR SHAMS, declare as follows:

I was born on September 17, 1949 at Shiraz, Iran. I grew up in Tehran. When I was 12 years old, my father passed away. I completed my high school education and thereafter began employment. I worked for the company for six years and then began employment with a company named "Hadish" which was owned by Mr. Pahlavan who was Baha'i. I was employed for a period of 8 years and after the revolution, my employment with Mr. Pahlavan was an excuse for the new regime's authorities to harass me.

"Hadish" was known for being owned by Mr. Pahlavan and after the revolution, I was questioned as to my religion and my relation to the company. I was in charge of the inventory and storage of the company. When the owner fled the country it created problems for me since the authorities wanted to know the owner's whereabout.

When the Iran-Iraq war began, employees from "Hadish" were ordered to fight in the war, but because I had recently became married and had a small child, I refused to go. I was fired from the

1



company and because "Hadish" was being supported by Israel, employees working there were prohibited to apply or work in government positions. I had no job and no money.

My uncle who was in the military was summoned and when they could not find him, they searched all family member's houses. The houses were being broken into in the middle of night or middle of day to surprise the members and not hide my uncle. He finally fled the country and is currently in the U.S. and was granted political asylum. His wife was left behind since it was too dangerous for her to leave the country with a 7 year old son. We tried to get her out of the country, but before that she was harassed by the regime so badly that either she committed suicide or was killed, but she was dead. We were not allowed to mourn for her and had to sneak into a relative's house to mourn her death. This caused the regime to arrest my brother and I.

I was taken in for a few days and during that time I was interrogated as to why we had a memorial service for my aunt. Finally, after signing promissory notes and paying some money we were released.

Another incident I had to experience was when my uncle Reza Odabai was accused of being involved in the "Nojeh Coup". He was fired from the Air Force and summoned. I was one of the people who helped him flee the country. My cousin was also arrested by the regime and in general my family had very bad political experience with the authorities.

These things caused me to despise the regime. I was interested in learning about other religions. I

2

did not like Islam and what it stood for. I went to the Armenian Church in Tehran to see if I can learn more about the religion, but I was stopped and warned not to be involved with Christians.

I made several short trips to Turkey and during one of my trips, I was able to obtain a visa to the United States to visit my sister. I entered the U.S. on April 25, 2000 and was impressed with this country's civilized life and freedom. I began attending First Congregational Church and was mesmerized by the words of love and peace. I am now attending Church and was baptized in October 2000. I am very happy with my new faith and now believe this is the path I needed to choose in my life. Although I miss my family in Iran very much, I am afraid to return because I will be persecuted when I do so.

I went through many years of hardship and the loss of many family members until I got this point of my life where I have found peace and love. I respectfully ask that my request for asylum be granted, so that I can continue my new faith in peace and contribute to this society as it helped me find myself. If I return to Iran, I will be killed as a "Mortad" which literally means " one who has turned away from Islam."

Executed this 7th day of November 2000 at Fremont, California.


DJAFAR SHAMS, Declarant

3

# Certificate of Baptism

*"For we were all baptized by one Spirit into one body...."* 1 Corinthians 12:13

This certifies that

**Djafar Shams**

received Christian Baptism

on the 1st day of October

in the year of our Lord 2000

First Congregational Church
Santa Cruz, California

Rev. Alfred Williams



EXHIBIT B

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No:    A78 670 244

In Matter of:

Respondent:    SHAMS, DJAFAR                                                      currently residing at:

1331 WOLFE ROAD  APT 11  SUNNYVALE, CA 94087-0000                        000-000-0000
(Number, street, city, state, and ZIP code)                              ( Area code and phone number)

[ ]  1. You are an arriving alien.

[ ]  2. You are an alien present in the United States who has not been admitted or paroled.

[x]  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:                                                      *NTA*
1) You are not a citizen or national of the United States;
2) You are a native of IRAN and a citizen of IRAN;
3) You were admitted to the United States at SAN FRANCISCO, CA on or about April 26, 2000 *to on* as a nonimmigrant B-2 visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed October 25, 2000 ;
4) You remained in the United States beyond ~~October 25, 2000~~ "4/25/01" without authorization from the Immigration and Naturalization Service.

*A 5/13/0⸱*
*amended*

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
Section 237 (a) (1) (B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a) (15) of the Act, you have remained in the United States for a time longer than permitted.

[ ]  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ]  Section 235(b)(1) order was vacated pursuant to:   [ ] 8 CFR 208.30(f)(2)   [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
550 KEARNY STREET,  SUITE #800, SAN FRANCISCO, CA 94108-0000
(Complete Address of Immigration Court, Including Room Number, if any)

(b)(7)(C)  on  MAR  19 2001  at  9:00 AM  to show why you ____ not be removed from the United States based on the
              (Date)              (Time)
charge(s) set forth above.                                                      *ASAO*
                                                                              (Signature and Title of Issuing Officer)

Date:  30 JAN 2001                                   SAN FRANCISCO, CA
                                                     (City and State)

**See reverse for important information**

Form I-862( 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such · witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you the appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____          Date: _____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on **3 1 JAN 2001** _____, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

☐ in person          ☒ by certified mail, return receipt requested          ☐ by regular mail

7000 0520 0074 2617 2109

☒ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(b)(7)(c)

_____          Asylum Clerk, 287
(Signature of Respondent if Personally Served)          (Signature and Title of Officer)

EXHIBIT C

IMMIGRATION COURT
550 KEARNY ST., SUITE 800
SAN FRANCISCO, CA 94108

In the Matter of:

Respondent                              Case: 78 - 670 - 764

*SHAMS, DJAFAR*                         IN REMOVAL PROCEEDINGS

### ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on: _June 19, 2002_.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to _Iran_.
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to _____ or in the alternative
    to _____.
[ ] Respondent's application for voluntary departure was granted
    until _____ upon posting a bond in the amount of $_____
    with an alternative order of removal to_____
[X] Respondent's application for asylum was ( ) granted  (X) denied
    ( ) withdrawn  ( ) other.
[X] Respondent's application for withholding of removal was ( ) granted
    (X) denied  ( ) withdrawn  ( ) other.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other.
[ ] Respondent's application for cancellation of removal under section
    240A(b) was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other. If
    granted, it was ordered that the respondent be issued all appropriate
    documents necessary to give effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA
    was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( ) granted  ( ) denied  ( ) withdrawn  ( ) other.
    If granted, it was ordered that respondent be issued all appropriate
    documents necessary to give effect to this order.
[ ] Respondent's status was rescinded under section 246 of the INA.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $_____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after
    proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____

Appeal: (A) / I / B
Appeal due by: _July 19, 2002_

Date: _6 - 19 - 2002_                    Mimi Schooley Yam
                                         Immigration Judge

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:  MAIL [ ]   PERSONAL SERVICE [X]
TO: [X] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN'S ATTY/REP [X] INS
DATE: _____  BY: COURT STAFF /
    Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List [ ]
Other

0009E/MSY/722/at

NAME: *S(MMS, ATATAL*    FILE #: *78-(70-284*

## LIMITATION ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( )    You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear at this hearing, other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

( )    You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing, other than because of exceptional circumstances beyond your control**will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years from the date of your scheduled hearing.

( )    You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act. Remaining in the United States beyond the authorized date, other than because of exceptional circumstances beyond your control** will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for ten (10) years from the date of scheduled departure or the date of unlawful reentry, respectively. Your voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

(X)    An order of removal has been entered against you. If you fail to appear pursuant to a final order of removal at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for ten (10) years after the date you are scheduled to appear.

** The term "Exceptional Circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;  2) Cancellation of Removal as provided for in section 240A of the Immigration and Nationality Act; and 3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice was given by the Immigration Judge to the alien in his/her native language, or in a language he/she understands.

Date: *6—19-2002* Immigration Judge _____ or Court Clerk_____

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  [ ] MAIL    [X] PERSONAL SERVICE
TO:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer    [ ] ALIEN'S ATTY/REP  [X] INS
DATE: _____    BY:  COURT STAFF
Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

MSY/722

.

# EXHIBIT D

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

Farah, Nadia, Esquire
39159 Paseo Padre Parkway, #211,
Fremont, CA 94538-0000

**Office of the District Counsel/SF**
P.O. Box 26449
San Francisco, CA 94126-6449

Name: SHAMS, DJAFAR                    A78-670-244

Date of this notice: 06/16/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

BIA   # 2

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:    A78 670 244 - San Francisco                    Date:

                                                              JUN 1 ? 2003

In re:   DJAFAR SHAMS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Nadia Farah, Esq.

ON BEHALF OF DHS:    Kim E. Fallone
                     Assistant District Counsel

CHARGE:

    Notice:    Sec. 237(a)(1)(B), I&N Act [8 U.S.C. § 1227(a)(1)(B)] -
               Nonimmigrant - remained longer than permitted

APPLICATION:    Asylum; withholding of removal; Convention Against Torture

ORDER:

    PER CURIAM. We affirm the decision of the Immigration Judge. *See Matter of Burbano*, 20
I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration
Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the
record coincide with those which the Immigration Judge articulated in his or her decision").

    Initially, we agree with the respondent that the adverse credibility finding of the Immigration
Judge is not supported by the record under the legal precedents of the United States Circuit Court
of Appeals for the Ninth Circuit, the jurisdiction wherein this case arises. Under precedent case law
of the United States Court of Appeals for the Ninth Circuit, an Immigration Judge must not only
articulate the basis for a negative credibility finding, but the reasons must be substantial. *See Salaam
v. INS*, 229 F.3d 1234 (9th Cir. 2000); *Akinmade v. INS*, 196 F.3d 951, 954 (9th Cir. 1999). On the
basis of this record, we fail to find the reasons given by the Immigration Judge for his adverse
credibility finding to be so substantial so as to fulfill the requirements articulated by the Ninth
Circuit. The Immigration Judge did not identify, and we do not find there to be, inconsistencies and
omissions regarding dates and events that are central to the persecution claim. *See Matter of A-S-*,
21 I&N Dec. 1106 (BIA 1998); *Matter of O-D-*, 21 I&N Dec. 1079 (BIA 1998); *Matter of B-*, 21
I&N Dec. 66 (BIA 1995); *Matter of Burbano, supra*.

A78 670 244

However, even assuming the respondent's credibility, we agree with the Immigration Judge's assessment of the evidence ~~finding~~ that the respondent has failed to establish past persecution or a well-founded fear or clear probability of persecution in Iran on account of religion based upon his conversion to Christianity while he was in the United States in 1990, or on account of any other protected ground under the Act. *See INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987). The respondent testified that the Iranian authorities were initially unaware of his conversion to Christianity (Tr. at 41), and even after his alleged arrests when going to church(Tr. at 49), he was never subjected to physical abuse or other mistreatment during these purported detentions and had no problems living as a Christian in Iran (Tr. at 43). Likewise, he has failed that it is more likely than not that his life or freedom would be threatened if returned to Iran, and is not entitled to withholding of removal. *See INS v. Stevic*, 467 U.S. 407 (1984); 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16. Similarly, he has failed to show that he more likely than not would be tortured. *See* 8 C.F.R. § 1208.16(c)(2).

Lastly, we find the respondent's appellate contentions as to judicial bias as lacking any merit. Initially, we consider that the respondent alleges that the Immigration Judge's decision was the result of biased prejudgement and an abuse of discretion. We consider that the Supreme Court has pointed out that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion" since "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540 (1994), *citing United States v. Grinnell Corporation*, 384 U.S. 563, 583 (1966). The Court added that opinions formed by the judge "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 1157. We note, however, that since there was no allegation of an extra-judicial source for the supposed bias, the respondent would be required to show that the judge displayed a "deep-seated favoritism or antagonism that would make fair judgement impossible."[1] *Liteky v. United States, supra; see also Matter of Exame*, 18 I&N Dec. 303, 306 (BIA 1982) (an Immigration Judge's bias against an alien

---

[1]    As a general rule, in order to warrant a finding that an Immigration Judge is disqualified from hearing a case it must be demonstrated that the Immigration Judge had a personal, rather than judicial, bias stemming from an "extrajudicial" source which resulted in an opinion on the merits on some basis other than what the Immigration Judge learned from his participation in the case.    An exception to the general rule that bias must stem from an "extrajudicial" source may arise where "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Davis v. Board of School Comm'rs*, 517 F.2d 1044 (5th Cir. 1975), *cert. denied*, 425 U.S. 944 (1976).

2

A78 670 244

arises where the Immigration Judge makes a decision based on inappropriate extrajudicial views). We find the respondent has not met this burden, and moreover, has failed to address specific instances in the record to support such a conclusion.

Furthermore, we find no support for the respondent's contention that the Immigration Judge acted improperly by interfering with the respondent's counsel's ability to present his case by repeatedly interrupting the attorney. Immigration Judges have broad discretion concerning the conduct of the hearing. *See generally* 8 C.F.R. § 1003.10. An Immigration Judge may question a respondent in order to facilitate the hearing and ascertain relevant facts. Where, as here, the respondent's counsel did not object to the Immigration Judge's questioning of the respondent at proceedings below and does not allege any facts that the respondent was unable to present as a result of the Immigration Judge's interruptions, we find that the respondent was able to fully and fairly present his case.

Accordingly, the appeal is dismissed.

FOR THE BOARD

3

EXHIBIT E

U. S. DEPARTMENT OF HOMELAND SECURE
Immigration and Customs Enforce
630 Sansome Street
San Francisco, California  94111

File No.    A78 670 244

Date:    December 2, 2003

Mr. Djafar Shams
1331 Wolfe Rd. Apt11
Sunnyvale, CA 94087

As you know, following a hearing in your case you were found removable and the hearing officer has entered an order of removal.  A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____ IRAN _____ on
_____ (country)

_____ January 14, 2004 _____ from _____ San Francisco, California _____ on the
_____ (date) _____ (port of departure)

Transportation to be provided by the Government
_____ (name of vessel, airline, or other transportation)

You should report to a United States Immigration Officer at Room _____ 5th Floor/Reception Rm.
_____ (No.)

_____ 630 Sansome Street, San Francisco, California  94111 _____ at _____ 10:00 a.m. _____ , 01/14/2004
_____ (address) _____ (hour and date)

completely ready for deportation.  At the time of your departure from _____ San Francisco, California
_____ (place of surrender)

you will be limited to _____ 35 _____ pounds of baggage.

Should you have personal effects in excess of this amount, you must immediately contact

_____ Deportation Officer _____ at _____ (415)844-5512 _____ , or call in person at the
_____ (name of officer) _____ (phone no. and ext.)

address noted above, and appropriate disposition of your excess baggage will be discussed with you.

Very truly yours,

Nancy Alcantar
Interim Field Office Director

cc: File

Nadia Farah 39159 Paseo Padre Parkway, #211 Fremont, CA 94538

Form I-166
(Rev. 4-1-69)

EXHIBIT F

Law Offices of...

# Nadia Farah

39159 Paseo Padre Pkwy.
Suite 211
Fremont, CA 94538
Tel: 510.494.8156
Fax: 510.494.8158

January 8, 2004

*VIA FEDERAL EXPRESS*

Ms. Nancy Alcantar
Interim Field Office Director
630 Sansome Street, 5th Floor
San Francisco, CA 94111

**RE:    *OUR CLIENT: MR. DJAFAR SHAMS***
        ***A78 670 244***
        ***REQUEST FOR EXTENSION OF STAY***

Dear Ms. Alcantar:

Please be advised that our client, referenced above-will appear on January 14, 2004 at 10:00, in compliance with your order of surrender However, prior to that appointment, we are submitting documentation attesting to the fact that Mr. Shams underwent an angioplasty due to his heart condition and needs additional time to be monitored by his doctor. We are enclosing his medical records from the two operations he underwent, one in July of 2003 and the other in September of 2003 and a current letter from his attending physician with respect to his condition.

We respectfully request that Mr. Shams' removal be stayed and his time be extended, so that he can complete his medical procedure in the United States. Nevertheless, we will appear on January 14, 2004. Should you wish to discuss this matter earlier, please do not hesitate to contact me at 510-494-8156.

Thank you for your courtesy and anticipated cooperation.

Sincerely,

NADIA FARAH
ENCL.

U.S. Department of Justice
Immigration and Naturalization Service

OMB APPROVAL NO. 1115-0055

**Application for Stay of Deportation or Removal**

| Fee Stamp |
| --- |

**SUBMIT IN DUPLICATE**

*Read instructions on reverse before filling out application*

File No.
78 670 244

Date
January 10, 2004

| | | | | |
| --- | --- | --- | --- | --- |
| 1. Name (Family Name in CAPITAL letters, First, Middle) | | | | |
| SHAMS, DJAFAR | | | | |
| 2. Present Address (Apt. No.)    (Number and Street) | (Town or City) | (State) | (Zip Code) | |
| Apt. 205,  120 REMINGTON AVENUE, SUNNYVALE, CALIFORNIA  94087 | | | | |
| 3. Country of Citizenship | 4. Date to which passport is valid (Attach passport) | | | |
| USA | 6/6/2001 | | | |
| 5. Country to which deportation or removal has been ordered | 6. Date to which stay of deportation or removal is requested | | | |
| IRAN | January 14, 2004 | | | |

7. Reasons for requesting stay of deportation or removal

Mr. Shams underwent an angioplasty due to his heart condition and needs additional time to be monitored by his doctor. Attached please

find copies of Mr. Shams' medical records from two operations he under went, one was in July of 2003 and the other was in September of

2003 and a current letter from his attending physician with respect to his condition. He needs additional time to recover and be able to fly.

8.  I certify that the statements I have made in this application are true and correct to the best of my knowledge and belief.

| (Signature) | FREMONT, CALIFORNIA | January 10, 2004 |
| --- | --- | --- |
| | (Location) | (Date) |

9.  Signature of person preparing form, if other than applicant.
 I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by
a preparer to complete this block may result in criminal prosecution and, upon conviction, a fine or imprisonment.

| (Signature) | NADIA FARAH | January 10, 2004 |
| --- | --- | --- |
| | (Printed Name) | (Date) |

**APPLICANT: DO NOT WRITE BELOW THIS LINE**

| Stay | ☐ Denied  ☒ Granted | April 2, 2004 | San Francisco | |
| --- | --- | --- | --- | --- |
| | | (Date) | (Place Where Granted) | |
| By | | | Field Office Director | 2/2/04 |
| | (Signature) | | (Title) | (Date) |

Form I-246 (Rev. 09/19/00)V

I, DJAFAR SHAMS, declare as follows:

1.  I am submitting this statement at the request of the San Francisco Deportation Office in support of my request for stay of deportation

2.  I am suffering from a serious heart condition and I have had two surgeries since July of 2003.

3.  I am not in any condition to travel outside of the United States and therefore, I have requested a stay of deportation for a period of six months until I heal and physically able to travel.

4.  Once I retrieve my expired passport from the Deportation Office, I will make every effort to renew my passport with the Interest Section of the Islamic Republic of Iran in Washington, D.C.

5.  The Iranian Interest Section would need my expired passport in order to renew it.

6.  For the duration of the stay of deportation, should I be granted, I will not file any applications in connection with my asylum claim.

7.  Should it come time for me to leave, I will finance my travel expenses with no expense to the government.

8.  I respectfully request that my stay of deportation be granted until I am physically in a condition to travel.

Executed this 21st day of January, 2004 at Fremont, California

DJAFAR SHAMS

EXHIBIT G

# Application for Stay of Deportation or Removal

Case 4:07-cv-02455-SBA    Document 2    Filed 05/08/2007    Page 40 of 50

| | Fee Stamp |
|---|---|
| OK TO FEE | |
| INITIALS | DATE: 8/24/04 |
| SFR/DRO/D# | |

File No.
78670244

Date
May 14, 2004

**SUBMIT IN DUPLICATE**

*Read instructions on reverse before filling out application*

---

1. Name (Family Name in CAPITAL letters, First, Middle)

SHAMS, DJAFAR

2. Present Address (Apt. No.)    (Number and Street)    (Town or City)    (State)    (Zip Code)

Apt. 205,    120 REMINGTON DR.   SUNNYVALE, CA.

Oct 4/04  SFR-A
I-246    $155.00

3. Country of Citizenship

IRAN

4. Date to which passport is valid (Attach passport)

June 6, 2001

5. Country to which deportation or removal has been ordered

IRAN

6. Date to which stay of deportation or removal is requested

October 2, 2004

7. Reasons for requesting stay of deportation or removal

I mailed an application for a passport to the Embassy of Iran in March, 2004. I haven't received my passport yet. I would like to ask for

extension to the stay of deportation which was granted to me on 2/2/2004.

A copy of the Fedex receipt is attached.

8. I certify that the statements I have made in this application are true and correct to the best of my knowledge and belief.

_D.J-Shay_    SUNNYVALE, CA.    June 15, 2004
(Signature)    (Location)    (Date)

9. Signature of person preparing form, if other than applicant

I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have knowledge. Failure by a prepare to complete this block may result in criminal prosecution and, upon conviction, a fine or imprisonment.

_Michael H._    Michael H. Moghtader    June 15, 2004
(Signature)    (Printed Name)    (Date)

## APPLICANT: DO NOT WRITE BELOW THIS LINE

Stay ☒ Denied ☐ Granted _____ (Date) _____ at San Francisco
(Place Where Granted)

By _____ (Signature)    Field Office Director
(Title)    10/5/04 (Date)

Form I-246 (Rev. 09/19/00)Y

## DECISION ON APPLICATION FOR STAY OF DEPORTATION

RE: SHAMS, Djafar A78 670 244


Reference is made to the stay of deportation filed on behalf your clients.

A second stay of removal has been filed on behalf of your client. The application for stay was initially completed on June 15, 2004, however it was not received until more than a month later due to being sent to the San Jose sub-office instead of the San Francisco District office. A stay until October 02, 2004 was requested as your client had not yet received a renewed passport or travel document from the Iranian Embassy. As October 02, 2004 has now past, the application for stay will be denied as moot. Per the attached form, your client is to appear at the San Francisco District office for interview regarding his current travel document status.

There is no administrative appeal from the decision.

EXHIBIT H

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

**Order of Supervision**

File No. A78 670 244
Date:   December 15, 2004

Name: Djafar SHAMS

On 06/16/2003, you were ordered:
(Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because ICE has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of ICE, for identification and for deportation or removal.

☒ That upon request of ICE, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as ICE considers appropriate.

☒ That you do not travel outside California for more than 48 hours without first
(Specify geographic limits, if any)
having notified this ICE office of the dates and places of such proposed travel.

☒ That you furnish written notice to this ICE office of any change of residence or employment within 48 hours of such change.

☒ That you report in person every 3 months, Monday-Wednesday from 8:00 am-3:30 pm, to this ICE office at:
630 Sansome Street, 5th Floor, San Francisco, CA 94111 unless you are granted written permission to report on another date.

☒ That you assist ICE in obtaining any necessary travel documents.

☒ Other – Comply with the Telephonic Voice Recognition Reporting Program

☒ See attached sheet containing other specified conditions (Continue on separate sheet if required)

(Signature of ICE official)

Nancy Alcantar,
Field Office Director
(Print name and title of ICE official)

---

**Alien's Acknowledgment of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the *English* language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____ 04                _____            12/15/04
(Signature of ICE official serving order)              (Signature of alien)                    Date

Form I-220B(Re

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

Continuation Page for Form:    I-220B

| Alien's Name | File Number | Date |
|---|---|---|
| Djafar SHAMS | A78 670 244 | December 15, 2004 |

*Di-SHAMS*

*Alien's Signature*

**Alien's Address**

120 Remington Drive #205
Sunnyvale, CA 94087

**Alien's Telephone Number (if any)**
(408) 720-6814

**RIGHT INDEX PRINT**



## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Signature | Title |
|---|---|
| | Field Office Director for Det/Removals |

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement                    **Order of Supervision-Addendum**

File No: A78 0670 244
Date: December 15, 2004

Name: Djafar SHAMS

☒ That you do not associate with known gang members, criminal associates, or be associated with any such activity.

☐ That you register in a substance abuse program within 14 days and provide ICE with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.

☐ That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide the INS with the name of the program, the address of the program, duration and objectives of the program as well as the name of a counselor.

☐ That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency(s) and provide the INS with written proof of such within 10 days.

☒ That you do not commit any crimes while on this Order of Supervision.

☒ That you report to any parole or probation officer as required within 5 business days and provide ICE with written verification of the officers name, address, telephone number, and reporting requirements.

☒ That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.

☒ That you provide ICE with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

☒ That you provide ICE with written responses from the Embassy or Consulate regarding your request.

☒ Any violation of the above conditions may result in revocation of your employment authorization document.

☒ Any violation of these conditions may result in you being taken into ICE custody and you being criminally prosecuted.

☒ Other. _____

Form I-220B/Rev 4/1/97JN

# TELEPHONIC REPORTING
## INFORMATION and AGREEMENT

Date: _12/15/04_
To: _Djafar SHAMS_     _A 78 670 244_ ,

As an enrollee in the Immigration and Customs Enforcement (ICE) Office of Detention & Removals (DRO) Voice Reporting program, you are required to report into the automated monitoring system _monthly_ .

The day you are required to report in appears on this information sheet. You are required to call into the system from phone number _(408) 220-6514_ unless pre-authorized by your DHS officer. Failure to report at the pre-determined time or call from an unapproved phone number could result in a sanction determined by your officer.

## TELEPHONIC REPORTING PROCEDURES

The MSR system is an automated telephone reporting system. You are

1. required to call the system _on the 5th of every month_
2. Call the MSR System at *1-800-838-7002*
3. The system will ask you for your Department ID number. Enter your Department ID Number: _77_ #
4. Press 1 for enrollee.
5. Enter your Enrollee ID number (A number): _78 670 244_ #
6. The system will ask you to respond to a series of questions: press 1 for yes or 2 for no.
7. If you respond with a 1, the system will ask you for your new information. Speak clearly your new information into the telephone handset.
8. After speaking your new information, press the # sign on your telephone.
9. The system will then proceed to the next question.
10. Once the system completes the questions, the system may make an announcement.
11. After completion of any announcement, you may hang up the phone.

## TELEPHONIC REPORTING AGREEMENT

1. I agree not to have the call block feature on the line that I will be using during my voice reporting program.

2. I agree to report any phone problems (outages) to my DHS officer as soon as they are known.

3. I agree to keep a working telephone number during the entire term of the voice-reporting program.

4. I understand and agree that all telephone calls from the monitoring center to my residence will be tape-recorded by the monitoring center contractor.

I acknowledge that I have read (or have had read to me) these instructions, and understand them.

_12/15/04_

Participant Signature / Date                DHS Officer / Date

EXHIBIT I

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER**<br>WAC-05-210-51890 | **CASE TYPE** I130   IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
| **RECEIVED DATE**<br>July 18, 2005 | **PRIORITY DATE** | **PETITIONER** A070 183 871<br>RAHAEI, AZIZEH |
| **NOTICE DATE**<br>July 26, 2005 | **PAGE**<br>1 of 1 | **BENEFICIARY** A078 670 244<br>SHAMS, DJAFAR |

AZIZEH RAHAEI
4866 CLYDELLE AV
SAN JOSE CA 95124

Notice Type:   Receipt Notice

Amount received: $  185.00

Section: Married son or daughter of
         U.S. Citizen, 201(a)(3) INA

Receipt notice - If any of the above information is incorrect, call customer service immediately.

Processing time - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change.  If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service.  Please save this notice, and have it with you if you contact us about this case.

Notice to all customers with a pending I-130 petition - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available.  Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States.  Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status.  Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending.  If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

---

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



# Case Status Search

Receipt Number:    wac0521051890

Application Type:    I130, IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN

Current Status:
Case received and pending.

On July 26, 2005, we received this I130 IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN, and mailed you a notice describing how we will process your case. Please follow any instructions on this notice. We will notify you by mail when we make a decision or if we need something from you. If you move while this case is pending, call customer service. We process cases in the order we receive them. You can use our processing dates to estimate when yours will be done. This case is at our CALIFORNIA SERVICE CENTER location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

---

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact Customer Service at (800) 375   5283 or 1-800-767-1833 (TTY).

EXHIBIT J